UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
ANTHONY DeCIANTIS,                  )
                                    )
        Petitioner,                 )
                                    )
    v.                              )   C.A. No. 18-117 WES
                                    )
A.T. WALL,                          )
                                    )
        Respondent.                 )
_____)

**ORDER**

WILLIAM E. SMITH, Chief Judge.

On August 3, 2018, Magistrate Judge Lincoln D. Almond filed a Report and Recommendation ("R. & R.") (ECF No. 18) recommending that the Court grant the Respondent's Motion to Dismiss the Petition Under 28 U.S.C. § 2254 (ECF No. 3) because the petition filed by Anthony DeCiantis ("Petitioner") is time barred. Petitioner filed a timely objection on August 16, 2018.[1] See Pet'r's Obj., ECF No. 19. Petitioner does not challenge the accuracy of the calculations in the R. & R., but rather argues that Magistrate Judge Almond misconstrued his petition as a challenge to the Rhode Island Parole Board's December 15, 2014 decision denying parole rather than the Rhode Island Superior Court's denial of post-

___

[1] Although not docketed until August 20, 2018, Petitioner's objection is deemed filed upon mailing. See Morales-Rivera v. United States, 184 F.3d 109, 109 (1st Cir. 1999).

1

conviction relief.  See id. at 1-2.

The Court has carefully reviewed the R. & R.'s reasoning and agrees with Magistrate Judge Almonds conclusions.  The petition clearly seeks habeas relief claiming the Parole Board violated Petitioner's due process rights.  See Pet. For Writ of Habeas Corpus 6, ECF No. 1 ("The Rhode Island Parole Board violated Defendant's due process rights by [improperly] reviewing his application . . . . The minutes of the Parole Board do not refer to the consideration of a risk assessment instrument by the Board . . ."); see also Pet'r's Opp'n to Mot. to Dismiss 2, ECF No. 8 ("The petitioner avers that yes the underlying [sic] of his post conviction relief was of the state's parole board denial . . .") Petitioner did not plead that the circumstances of his post-conviction relief hearing comprise additional grounds for relief. See generally id.  Thus, as Magistrate Judge Almond correctly calculated, 546 days expired before this action was filed, barring the petition.  See R. & R. at 3-4; see also 28 U.S.C. § 2244 (establishing one-year statute of limitations).

Petitioner's other objections—that the Court should have held oral argument and appointed counsel—are equally meritless.  See, e.g., Schriro v. Landrigan, 550 U.S. 465, 465-66 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."); Baynard v. Wall, No. CA 13-578 ML,

2013 WL 5347445, at *3 (D.R.I. Sept. 23, 2013) ("There is no constitutional right to counsel in a federal habeas corpus proceeding.") (citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)).

Accordingly, the Court OVERRULES Petitioner's objections and ACCEPTS the R. & R. (ECF No. 18) in its entirety and adopts its recommendations and reasoning. For the reasons articulated by the Magistrate Judge, the Respondent's Motion to Dismiss the Petition Under 28 U.S.C. § 2254 (ECF No. 3) is GRANTED and the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (ECF No. 1) is DISMISSED.

IT IS SO ORDERED.

William E. Smith
Chief Judge
Date: January 16, 2019